# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Kari Sue Kramer and Paul Kramer,<br><br>Plaintiffs,<br><br>v.<br><br>Ford Motor Company,<br><br>Defendant. | Case No. 12-cv-1149 (SRN/FLN)<br><br>**ORDER** |

Thomas J. Murray and Mary S. O'Neill, Thomas J. Murray & Associates, 111 East Shoreline Drive, Sandusky, Ohio 44870; Gregory N. McEwen and Peter J. Kestner, McEwen Law Firm, 5850 Blackshire Path, Inver Grove Heights, Minnesota 55076; and James L. Murray, Murray & Murray Co., L.P.A., 111 East Shoreline Drive, Sandusky, Ohio 44870, for Plaintiffs.

David R. Kelly, Jennifer K. Huelskoetter, and Michael R. Carey, Bowman and Brooke LLP, 150 South Fifth Street, Suite 3000, Minneapolis, Minnesota 55402; Elizabeth B. Wright, Thompson Hine LLP, 3900 Key Center, 127 Public Square, Cleveland, Ohio 44114; and Jennifer M. Mountcastle, Thompson Hine LLP, 41 South High Street, Suite 1700, Columbus, Ohio 43215, for Defendant.

SUSAN RICHARD NELSON, United States District Judge

## I.    INTRODUCTION

This matter is before the Court on Defendant Ford Motor Company's Motion for Summary Judgment [Doc. No. 64], Defendant's Motion in Limine to Exclude the Testimony and Opinions of Neil Hannemann [Doc. No. 69], Defendant's Motion in Limine to Exclude the Testimony and Opinions of David Bilek [Doc. No. 75], Defendant's Motion in Limine to Exclude the Testimony and Opinions of William Berg [Doc. No. 81], and Defendant's Motion to Preserve Confidential Designation Pursuant to Protective Order

[Doc. No. 117]. For the reasons set forth below, the Court denies without prejudice Defendant's Motion for Summary Judgment and Motions in Limine, and the Court denies as moot and without prejudice Defendant's Motion to Preserve Confidential Designation.

## II.     MOTION FOR SUMMARY JUDGMENT AND MOTIONS IN LIMINE

Plaintiffs' Amended Complaint in this matter asserts eight causes of action against Defendant stemming from a single-vehicle accident involving Plaintiff Kari Sue Kramer on May 9, 2008:  strict liability for defective design (Count I), strict liability for failure to warn (Count II), negligent design (Count III), negligent failure to warn (Count IV), breach of warranty (Count V), negligence per se (Count VI), consumer fraud (Count VII), and loss of consortium (Count VIII).  (Am. Compl. [Doc. No. 61] ¶¶ 1, 13–49.)  Defendant moved for summary judgment on these claims on the grounds that there is no evidence of a defect in the subject vehicle or any Ford vehicle that did or could cause the alleged unintended acceleration, Plaintiff Kari Sue Kramer never read the warnings that accompanied the vehicle, and Plaintiffs have not identified any fraud or misrepresentation that caused their damages.  (See Mem. in Supp. of Def.'s Mot. for Summ. J. [Doc. No. 66] (filed under seal), at 1–2.)  In support of its motion, Defendant argues that Plaintiffs' liability experts—Neil Hannemann, David Bilek, and William Berg—admit that they are unaware of a defect in the subject vehicle or any other Ford vehicle that did or could cause an unintended acceleration.  (Id. at 1, 3.)  At the same time, Defendant also brought three motions in limine to exclude those experts' testimony and opinions.

While those motions were pending, Plaintiffs brought a motion seeking to have Professor Todd Hubing appointed by the Court as an expert witness pursuant to Federal

Rule of Evidence 706.  (See Mot. to Appoint Prof. Hubing as an Expert [Doc. No. 136], at 1–2.)  According to Plaintiffs, Clemson University's International Center for Automotive Research has conducted research and testing of Defendant's electronic throttle control system (the results of which will be published on September 1, 2014), and Prof. Hubing is the director of the research.  (Id. at 1.)  That motion is scheduled to be heard by this Court on September 12, 2014 [Doc. No. 143].  In light of the subject matter of Plaintiffs' pending motion, the Court will deny Defendant's motion for summary judgment and motions in limine without prejudice and without reaching the merits.  At the conclusion of the September 12 hearing, however, the Court may permit Defendant to re-file its motions.

**III.    MOTION TO PRESERVE CONFIDENTIAL DESIGNATION**

In its Motion to Preserve Confidential Designation Pursuant to Protective Order, Defendant seeks an order preserving the confidentiality of the document attached as Exhibit 1 to Plaintiff's opposition to Defendant's summary judgment motion, which is a presentation entitled "Ford Motor Company Electronic Throttle Control Information."  (See Def.'s Mem. of Law in Supp. of Mot. to Preserve Confidential Designation Pursuant to Protective Order [Doc. No. 119] at 1–2.)  According to Defendant, the document was originally provided by Defendant to the National Highway Transportation Safety Administration to assist in a study relating to electronic throttle control systems.  (Id. at 1.)  Defendant contends that it produced the document pursuant to the protective order in this case and that the document contains confidential business information.  (Id. at 1–2.)  Plaintiffs, on the other hand, argue that the document fails to meet the test for trade secret

3

protection and, as a judicial record, does not qualify for continued confidential treatment. (Pls.' Resp. to Def.'s Mot. to Preserve Confidential Designation Pursuant to Protective Order [Doc. No. 122] (filed under seal), at 1.)

The Court notes that, to the extent that the subject document has been made public, it does not qualify for confidential treatment. However, because the motion to which this document corresponds (i.e., Defendant's Motion for Summary Judgment) is being denied without consideration on the merits, whether the non-public portions of the document should remain confidential is—for now—moot. Accordingly, the Court will deny Defendant's motion as moot and without prejudice, with permission to re-file should the parties seek to rely on the document in the future. In the interim, the parties should continue to treat the non-public portions of the document as confidential.

**THEREFORE, IT IS HEREBY ORDERED THAT:**

1. Defendant's Motion for Summary Judgment [Doc. No. 64] is **DENIED WITHOUT PREJUDICE**;

2. Defendant's Motion in Limine to Exclude the Testimony and Opinions of Neil Hannemann [Doc. No. 69] is **DENIED WITHOUT PREJUDICE**;

3. Defendant's Motion in Limine to Exclude the Testimony and Opinions of David Bilek [Doc. No. 75] is **DENIED WITHOUT PREJUDICE**;

4. Defendant's Motion in Limine to Exclude the Testimony and Opinions of William Berg [Doc. No. 81] is **DENIED WITHOUT PREJUDICE**; and

5. Defendant's Motion to Preserve Confidential Designation Pursuant to Protective Order [Doc. No. 117] is **DENIED AS MOOT AND WITHOUT PREJUDICE**.

Dated: August 20, 2014         s/Susan Richard Nelson
                               SUSAN RICHARD NELSON
                               United States District Judge