# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Kari Sue Kramer, and Paul Kramer,          Civil No. 12-1149 (SRN/FLN)

        Plaintiffs,

    v.                                                          **MEMORANDUM OPINION
                                                                AND ORDER**

Ford Motor Company,

        Defendant.

---

Thomas J. Murray, and Mary S. O'Neill, Thomas Murray & Associates, 358 North Main Street, Huron, OH 44839; James L. Murray, Murray & Murray Co., L.P.A., 111 East Shoreline Drive, Sandusky, OH 44870; and Joseph W. Anthony, and Brooke D. Anthony, Anthony Ostlund Baer & Louwagie PA, 90 South 7th Street, Suite 360, Minneapolis, MN 55402, for Plaintiffs.

Michael R. Carey, and Jennifer K. Wichelman, Bowman and Brooke LLP, 150 South Fifth Street, Suite 3000, Minneapolis, MN 55402; Elizabeth B. Wright, Thompson Hine LLP, 3900 Key Center, 127 Public Square, Cleveland OH 44144; and Jodi Munn Schebel, Bowman and Brooke LLP, 41000 Woodward Avenue, Suite 200 East, Bloomfield Hills, MI 48304-5132, for Defendant.

---

SUSAN RICHARD NELSON, United States District Judge

      This matter is before the Court on Defendant's motions in limine requesting judicial notice of documents [Doc. No. 354]; to exclude late-disclosed fact witnesses [Doc. No. 357]; and to exclude testimony interpreting Ford's documents and opinions of Ford's intent, motive or state of mind [Doc. No. 366]; as well as on Plaintiffs' motions in limine to exclude certain government reports [Doc. No. 381]; and to exclude evidence and testimony regarding child car seats and public assistance [Doc. No. 387].

At the hearing on this matter, the Court ruled on certain motions and parts of other

motions.  The Court denied as moot Ford's motion to exclude evidence of its intent,

motive, or state of mind; denied in part Ford's motion to exclude late-disclosed witnesses

(taking the remainder under advisement); and granted Kramer's motion to exclude

evidence of the lack of a child car seat and of her receipt of public assistance.  (Doc. No.

423.)

The Court now addresses the remaining motions as well as reiterates its rulings

from the bench.[1]  For the reasons stated below, this Court denies the remaining portion of

Defendant's motion to exclude late-disclosed fact witnesses [Doc. No. 357]; denies

without prejudice the motion requesting judicial notice [Doc. No. 354]; denies as moot

Defendant's motions to exclude testimony interpreting Ford's documents and opinions of

Ford's intent, motive or state of mind [Doc. No. 366]; grants Plaintiffs' motion to exclude

certain government reports [Doc. No. 381]; and grants Plaintiffs' motion to exclude

evidence and testimony regarding child car seats and public assistance [Doc. No. 387].[2]

## I.   DISCUSSION

### A.   Late Disclosed Fact Witnesses

Ford seeks to exclude the testimony of several fact witnesses that Kramer did not

---

[1]      Defendant's motion to exclude evidence of other alleged incidents (Doc. No.
360), and motion to exclude witness testimony relating to other alleged incidents (Doc. No. 363),
were previously addressed in a separate Order.

[2]      Although Kari Kramer's husband is also a plaintiff here, for convenience, and
because he was not in the vehicle at the time of the accident, the Court will refer to them in the
singular as "Kramer."

disclose according to the deadlines in the applicable scheduling orders.

### *Trooper Johnson and the Clarks*

Ford first takes issue with the late disclosure of Trooper Johnson and of Mr. and Mrs. Clark.  At the hearing on this matter, the Court denied Ford's motion with respect to these individuals because while there was a late disclosure, all parties have known about them for two years and the individuals have been deposed.

### *Officer Hargrett*

Ford also takes issue with the late disclosure of Officer Hargrett, contending that Kramer had access to the databases containing his name for several years.  Accordingly, the Court took that part of the motion under advisement pending elucidation of the basis for his proposed testimony.  The Court thus permitted Ford to depose Officer Hargrett.

After reviewing the supplemental submissions filed by the parties, the Court denies Ford's motion with respect to Officer Hargrett as Kramer has demonstrated good cause for not being able to disclose him earlier.  As the Court explained at the hearing on Kramer's motion for leave to amend to add a claim for punitive damages, however, the Court is not precluding Ford from arguing that Officer Hargrett's incident is not sufficiently similar to Kramer's accident.  (Doc. No. 445 at 38.)

**B.      Ford's Documents and Opinions Regarding Ford's Intent, Motive and State of Mind**

Ford next seeks to exclude what it anticipates to be evidence and opinions regarding its intent, motive and state of mind.  Ford states that it has no objection to testimony explaining acronyms, but would object to any testimony purporting to interpret

Ford documents or its "corporate mind."  Kramer declares she has no intention of

inquiring of her experts regarding Ford's intent, motives or state of mind, which she states

can be inferred from the relevant documents and Ford's own experts and Rule 30(b)(6)

witnesses.  Accordingly, the Court presently denies the motion as moot, and will rule, as

needed, on any objections at trial if Kramer's experts attempt to interpret internal Ford's

documents or to testify regarding Ford's intent, motives, or state of mind.

### C.   Ford's Request For Judicial Notice and Kramer's Motion to Exclude Government Reports

Ford requests this Court to take judicial notice of certain documents–four

documents published in either the Federal Register or the Code of Federal Regulations,

seventeen domestic or foreign government publications, and seven published, peer-

reviewed papers–addressing unintended acceleration and further requests entry of an

order admitting each for use at trial.  (Doc. No. 354 at 1-2.).  Conversely, Kramer moves

to exclude twelve documents, some of which overlap with Ford's request for judicial

notice, including nine U.S. government reports, the appendices to six of those reports

(denominated collectively as one "document"), and two reports issued by foreign

governments.  (Doc. No. 381.)

Ford contends that its experts will rely on certain documents at trial.  This Court

noted the distinction, however, between expert testimony based, at least in part, on

government reports, and "independently introducing the government reports as

independent substantive evidence wholly apart from the expert's opinion."  (Id. at 51.)

The Court clarified that Ford's experts will be allowed to rely on the reports at issue.  And

with respect to the government reports and peer-reviewed papers, it is clear that a court

"may take judicial notice of the *existence* of a body of scientific literature." Browning-

Ferris Industries of South Jersey, Inc. v. Muszynski, 899 F.2d 151, 161 (2d Cir. 1990)

(emphasis added).  Kramer does not object to judicial notice of the documents, that is, the

fact of their publication, but opposes any pre-trial ruling on admissibility.  (Doc. No. 409

at 2.)

　　　With respect to "some" of these documents, however, Ford seeks to introduce

them independently as substantive evidence as they purportedly meet the "exceptions to

the hearsay rule."  (Doc. No. 427 at 51.)  And "[a] judge takes judicial notice when [she]

recognizes the *truth of a matter* that is either "generally known" or "capable of accurate

and ready determination by resort to sources whose accuracy cannot reasonably be

questioned." U.S. v. Wolny, 133 F.3d 758, 764 (10th Cir. 1998) (emphasis added)

(quoting Fed. R. Evid. 201(b)).

　　　Here, however, Ford seeks to offer the documents as evidence that "inadvertent

driver application of the accelerator pedal causes the *vast majority* of alleged UA

incidents.  NHTSA's studies are relevant and highly probative of the fact that pedal errors

can and do occur, and that *there is no defect in the design of Ford vehicles* that causes UA

incidents like Plaintiffs allege."  (Doc. No. 354  at 9 (emphasis added).)

　　　The Court presently declines to admit the materials for such purposes as it attempts

to pre-judge Kramer's case in terms of the ultimate consequential fact at issue here–was

there a defect in *Kramer's vehicle*.  This also raises a relevancy issue.  That various

agencies concluded that pedal misapplication caused the majority of unintended

acceleration incidents in the past regarding other vehicles does not establish the lack of a

design defect here with respect to Kramer's 2005 Lincoln Town Car.  This is particularly

true where Kramer alleges that Ford, in the face of significant evidence of an electronic

problem, instead of identifying it and fixing it, has instead long concealed the defect and

over the last ten years systematically steered other plaintiffs and investigative agencies

towards Ford's "blame the victims" fat-footing theory.

    And the difference is more than just one of degree.  As Kramer contends, nine of

the reports concern vehicles that employed an older mechanical linkage technology that is

fundamentally different from the electronic throttle control system (or "throttle by wire"),

which replaces that linkage with a computer.  (Doc. No. 382, at 2; Doc. No. 409 at 2.)  As

counsel clarified at the hearing on this matter, "there simply is no similarity, zero

similarity between those old mechanical servo cars and what is known as throttle by wire.

The main difference is that in throttle by wire there is no cable that runs from the

accelerator to the throttle plate."  (Doc. No. 427 at 43.)[3]

---

[3]      With respect to items published in the Federal Register, this Court is required to take judicial notice of such materials.  44 U.S.C. § 1507 ("The contents of the Federal Register shall be judicially noticed.")  But this requirement does not override evidentiary requirements of relevancy.  U.S. v. Wolny, 133 F.3d 758, 764 (10th Cir. 1998) ("We cannot imagine that, in enacting § 1507, Congress intended to override Rule 402, and make judicial notice mandatory, when a matter that appeared in the Federal Register is irrelevant to the proceeding at hand.").  Here, the two documents published in the Federal Register do not address Ford's 2005-2010 Panther Platform vehicles.  One addresses 1989-1992 Ford vehicles.  (Doc. No. 355, Ex. D).  The other addresses 2006-2010 Toyota Corollas.  (Id., Ex. E.)  With respect to the two regulations published in the Code of Federal Regulation, however, the Court takes notice of the law that they articulate.

And by its terms, Federal Rules of Evidence, Rule 201, applies only to "adjudicative facts," that is, "simply the facts of the particular case." U.S. v. Wolny, 133 F.3d 758, 764 (10th Cir. 1998).  Insofar as the reports at issue address the facts of other incidents regarding other vehicles, it is far from clear that a court could take judicial notice of the truth of the matter asserted in those reports as somehow relevant to the facts of this particular case.  Moreover, insofar as Ford seeks to introduce the documents for that purpose, taking judicial notice of the reports would be unfairly prejudicial to Kramer in that under Rule 201, in civil cases "judicial notice is 'conclusive on the parties and the jury.'"  21B Wright & Graham, Federal Practice & Procedure § 5111.1 (2d ed. 2005).  As the rule provides, "[i]n a civil case, the court must instruct the jury to accept the noticed fact as conclusive."  Fed. R. Evid. 201(f).  Insofar as Ford would be inviting the jury to simply "follow the leader"–that is, to conclude that there is no defect here because the reports regarding other cars concluded there was no defect in other vehicles–admission would present the risk of confusing the jury.

In addition, insofar as Ford seeks to introduce the documents to show "that *there is no defect in the design of Ford vehicles* that causes UA incidents like Plaintiffs allege," the Court may not take judicial notice of such documents because Kramer obviously disputes that there is no design defect.  "Judicial notice of a fact is only to be taken when that fact is not subject to reasonable dispute."  Lustgraaf v. Behrens, 619 F.3d 867, 886 (8th Cir. 2010).  The court ruled that the district court abused its discretion where it took notice of a fact based on forms filed with Nevada Secretary of State listing plaintiff as a

7

director of an entity related to defendant, but plaintiff "disputed he was ever a director [on that corporation's board." <u>Id.</u> "This subjects the issue to reasonable dispute." <u>Id.</u>

Finally, there is the question of whether a particular fact to be noticed is "evidential" or "consequential." As discussed above, the facts of the reports at issue would seem to be, at most, merely "evidential," rather than "consequential." "[E]ven when the jury is bound by the fact noticed, if it is an 'evidential' rather than a 'consequential' [fact] the jury is not bound to draw any particular inference from it." 21B Wright & Graham, <u>Federal Practice & Procedure</u> § 5111, at 318. "[I]f the fact judicially noticed is only an 'evidential,' not a 'consequential' fact, the parties can introduce evidence relevant to the inferences to be drawn from that fact." <u>Id.</u> § 5111.1, at 329.

Nevertheless, this ruling is without prejudice. At trial, if Ford or Kramer can establish the specific relevancy of particular documents and that they do not violate the hearsay rule, they may seek their admission.

### D.   Kramer's Unrestrained Child and Receipt of Public Assistance

Kramer moved to exclude evidence that her two-year old daughter, although in a seat belt in the back seat, was not restrained by a child car seat. She also seeks to exclude evidence that she received public assistance before her accident. Ford seeks to introduce evidence regarding the child car seat as relevant to the issue of causation, that is, the possibility that Kramer misapplied the accelerator because she was distracted by the presence of her daughter. The Court grants Kramer's motion because the potential probative value is too speculative and, in any event, is certainly outweighed by the

prejudice that will result. (Doc. No. 427 at 59.)

With respect to the public assistance issue, the Court also grants the motion to exclude. Ford seeks to introduce such evidence to rebut that portion of Kramer's alleged damages based on lost wages, arguing that Kramer's claim for lost wages is exaggerated because having been on public assistance establishes that her income was minimal. But the Court excludes such evidence because Ford has not provided any evidence or explanation as to how exactly Kramer's earning capacity before the accident necessarily establishes anything with respect to her prospective earning capacity after the accident. Moreover, eligibility for public assistance often does not depend on a simple, clear income cutoff, but rather involves a sliding-scale based on income. Finally, the Court would need evidence regarding multiple variables such as: (1) exactly what type of assistance is at issue; (2) whether public assistance, if medical assistance, is available for reasons other than one's income (e.g., whether medical coverage was provided for preexisting conditions not covered by other insurance); and (3) whether the public assistance at issue here was for her children, and if so, how that would impact the analysis. Absent a more detailed analysis connecting Kramer's receipt of public assistance to her damages claim for lost wages, introduction of evidence of Kramer simply having received public assistance would be unfairly prejudicial. Accordingly, that part of the motion is presently granted without prejudice to Ford making a proper showing that is responsive to the above questions.

## II.      ORDER

Based on the foregoing, and all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that:[4]

1.     Defendant's motion to exclude late-disclosed fact witnesses [Doc. No. 354] is **DENIED**;

2.     Defendant's motion to exclude testimony interpreting Ford's documents and opinions of Ford's intent, motive or state of mind [Doc. No. 366] is **DENIED AS MOOT** (without prejudice to defendant's right to object at trial);

3.     Defendant's motion in limine requesting judicial notice of documents [Doc. No. 354] is **DENIED** (insofar as it seeks admission of the government reports, published articles and items published in the Federal Register as substantive evidence, but without prejudice to Ford's ability to establish relevance and exceptions to the hearsay rule with respect to a particular report);

4.     Plaintiffs' motion in limine to exclude certain government reports [Doc. No. 381] is **GRANTED**; and

5.     Plaintiffs' motion to exclude references to child car seats and public assistance [Doc. No. 387] is **GRANTED IN PART** (insofar as it concerns child car seats) and **GRANTED IN PART** (insofar as it concerns receipt of public assistance, but without prejudice to Ford's ability to make a proper showing exactly how receipt of such assistance is relevant to Kramer's future lost wage damages).

---

[4]     Although the Court ruled from the bench on several motions, or parts of motions, at the hearing on this matter, the Court now reiterates those rulings in this Order.

Dated:   July 27, 2016                           s/ Susan Richard Nelson
                                        SUSAN RICHARD NELSON
                                        United States District Judge